151 So. 623

**STATE v. JEANFREAU.**

No. 32235.

Nov. 27, 1933.

Gaston L. Porterie, Atty. Gen., and Peyton R. Sandoz, Sp. Asst. Atty. Gen. (J. K. Gaudet, of Gretna, and L. J. Cobb, of New Orleans, of counsel), for the State.

E. L. Bordelon and Samuel J. Tennant, Jr., both of New Orleans, for appellee.

O'NIELL, Chief Justice.

The defendant is accused of a violation of sections 3 and 4 of Act No. 14 of 1932, p. 96. The object of the statute is to regulate the sale of petroleum products, and to prevent fraud or deception in the sale of gasoline, etc. The third section of the statute forbids the selling, or exposing or offering for sale, of gasoline under a trade-name or trade-mark

other than that of the manufacturer or distributor of the gasoline. The fourth section forbids the storing or keeping or exposing for sale of gasoline from any tank or pump or other distributing device bearing the name, trade-mark, symbol or sign of a manufacturer or distributor other than the manufacturer or distributor of the gasoline so stored or kept or exposed for sale. The eighteenth section declares that any person who violates any of the provisions of the third or fourth section of the statute shall, for the first offense, forfeit the right, for a period not less than one week or more than six months, to continue in the business of buying, selling or distributing gasoline or other petroleum products at the place of business involved.

The Attorney General prayed for an injunction to enforce the penalty prescribed by the eighteenth section of the statute. The writ was refused, and the state has appealed.

The suit is founded upon the fact that, on the 24th of September, about noon A. P. Wells, who was engaged in the business of buying and selling gasoline, and delivering it from his tank wagon, undertook to deliver 100 gallons of gasoline at a service station conducted by a partnership known as Jeanfreau Garage, composed of the defendant and his brother, Wallace V. Jeanfreau; and that, when Wells had delivered about thirty gallons of the gasoline into a tank or pump bearing the name and trade-mark of the Texas Company, he was arrested by officers who were nearby, expecting a violation of the law. The gasoline that Wells was delivering was not manufactured or distributed by the Texas Company; and therefore if the receiving of the gasoline into the Texas Company

tank was done under the direction of the defendant, or with his consent or knowledge, he was guilty of a violation of the statute. But the judge who heard the testimony found no proof of guilt on the part of the defendant; and we, having read the testimony, concur in that finding. The defendant, having another occupation, had nothing to do with the management of the business of the Jeanfreau Garage. Neither he nor his brother was at the service station when Wells brought the gasoline there. It was ordered by Wallace V. Jeanfreau, from another filling station conducted by the firm. He testified that he did not direct Wells as to what tank the gasoline should be run into, but took it for granted that Wells would run it into the unmarked tank or pump, which stood beside the Texas Company pump. Wells testified that he had never delivered gasoline at that service station before, and that his putting his hose into the wrong intake was unintentional. The manager of the station, employed by the defendant's firm, was at the station when Wells arrived with the gasoline, but went into the office to answer a telephone call immediately afterwards, and before Wells started running the gasoline into the tank. Wallace V. Jeanfreau, who ordered the gasoline, did not testify in the case. The Attorney General contends that it was incumbent upon the defendant to have Wallace V. Jeanfreau take the witness stand and deny that he had instructed Wells to run the gasoline into the Texas Company tank. But the answer to the argument is that Wallace V. Jeanfreau had nothing to deny, because no one testified that Wallace V. Jeanfreau had instructed Wells to run the gasoline into

the Texas Company tank. In fact, Wells denied it.

The manager of the service station immediately notified Wallace V. Jeanfreau of the arrest of Wells, and on Jeanfreau's instruction emptied the Texas Company tank and refilled it with Texaco gasoline before selling any gasoline from that tank.

The defendant in this case pleaded, primarily, that sections 3 and 4 of Act No. 14 of 1932 were unconstitutional; but the judge reserved his ruling on the question until he had heard the testimony, and then finding that there was no proof that the defendant had violated the statute the judge found it unnecessary to consider the question of constitutionality. The question, therefore, is not presented on appeal.

The judgment is affirmed.